GOLDBERG *v.* KOPPY TOOL & DIE CO.

1. AUTOMOBILES—TENNESSEE—REAR-END COLLISION—NEGLIGENCE—BURDEN OF PROOF.

Plaintiff, passenger of defendant driver, who was injured when defendants' car collided with preceding car which had stopped behind a school bus in Tennessee had burden of proof of defendants' common-law actionable negligence in absence of statute of that State providing that driver of a vehicle colliding with another from the rear shall be deemed prima facie guilty of negligence.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5A Am Jur, Automobiles and Highway Traffic § 907.
[2] 20 Am Jur, Evidence § 131 *et seq.*
[3] 53 Am Jur, Trial § 186.
[4] 5A Am Jur, Automobiles and Highway Traffic § 958.

2. EVIDENCE—INFERENCES.

> One who has the burden of proof is entitled to legitimate inferences in his favor from the facts proved.

3. SAME—INFERENCES—JURY.

> The jury has the duty of identifying the inferences which may be drawn from established facts, where there are varying inferences which legitimately may be drawn.

4. AUTOMOBILES—GUEST PASSENGER—REAR-END COLLISION—NEGLIGENCE—EVIDENCE.

> Testimony of plaintiff, guest passenger in car being driven during rainstorm in Tennessee, that she saw danger ahead, warned defendant driver thereof in ample time to avoid collision, and that latter neither swerved right nor left but so drove as to collide with car ahead, which had stopped behind a school bus, permitted jury to infer that driver was negligently inattentive to the visible danger ahead or to the warning given, and that the driver's reaction time was negligently slow, and justified trial court's denial of defendants' motions for directed verdict and for judgment *non obstante veredicto* (CL 1948, § 691.691 *et seq.*).

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted October 6, 1961. (Docket No. 40, Calendar No. 49,052.) Decided March 15, 1962.

Case by Rae Goldberg against Koppy Tool & Die Co., a Michigan corporation, and Ella Koppy for personal injuries sustained while a passenger travelling through State of Tennessee. Verdict and judgment for plaintiff. Defendants' motions for directed verdict and judgment *non obstante veredicto* denied. Defendants appeal. Affirmed.

*Goldman & Grabow* (*David F. Caplan,* of counsel), for plaintiff.

*George Belitsos* (*John C. Quillinan,* of counsel), for defendants.

SOURIS, J. Defendants claim reversible error was committed by the trial court in failing to grant their

motion for directed verdict made at the conclusion of plaintiff's proofs and in denying their motion for judgment *non obstante veredicto* made after jury verdict was rendered for plaintiff.

Plaintiff and Mrs. Koppy, driving a new car owned by the defendant Koppy Tool & Die Co., were starting their second day of a journey to Florida. As they approached Nashville, Tennessee, in the right-hand lane of a 4-lane paved highway during a rain, Mrs. Goldberg warned Mrs. Koppy, who was driving, that she had better stop the car because a car ahead of them had stopped behind a stopped school bus. The Koppy car failed to stop and a rear-end collision with the motionless car ahead occurred, resulting in severe injuries to plaintiff.

Mrs. Goldberg testified that the Koppy car had ample room within which to stop after her warning, that it neither swerved to the vacant left lane nor to the right, that the rain did not limit visibility, and that she did not know what the car's speed was immediately before the collision. She also testified that on several occasions during the second day of the trip, before the accident, she requested Mrs. Koppy to slow down because of the rain. During the course of her cross-examination she testified she did not know whether or not Mrs. Koppy attempted to apply her brakes "because I was looking straight ahead. I couldn't see the car ahead and see what she was doing with her feet at the same time." Counsel for defendants then read portions of Mrs. Goldberg's pretrial testimony taken by deposition in which she had said that Mrs. Koppy did "attempt to stop" and that she "imagined" Mrs. Koppy had applied her brakes, although she did not see Mrs. Koppy do so. She also said in that pretrial testimony that immediately after the accident she heard Mrs. Koppy tell others present at the scene that she

couldn't understand why the car did not stop when she applied the brakes.

The only other testimony offered by plaintiff related to her injuries. At the conclusion of plaintiff's proofs, defendants moved for a directed verdict, claiming plaintiff had failed to establish a prima facie case. The trial judge reserved decision,[1] defendants put in their proofs, and the trial judge ultimately denied the motion at the conclusion of trial.

Tennessee, where the collision occurred, does not have a statute, such as ours,[2] which provides that the driver of a vehicle colliding with another from the rear shall be deemed prima facie guilty of negligence. Consequently, in order to recover, plaintiff had the burden of proving common-law actionable negligence.[3] She was, of course, entitled to legitimate inferences in her favor from the facts she proved. We have held that where varying inferences legitimately may be drawn from established facts, that the duty of identifying such inferences rests upon the jury. *Carver* v. *Detroit & Saline Plank Road Co.*, 61 Mich 584, 592–594. See, also, *Detroit & Milwaukee R. Co.* v. *Van Steinburg*, 17 Mich 99, and *Kaminski* v. *Grand Trunk Western R. Co.*, 347 Mich 417. *Carver* further tells us that it is for the judge to determine whether inferences may be drawn legitimately from the facts established. What, then, are the inferences that a jury could draw legitimately from the facts established by plaintiff at the close of her proofs?

Her testimony, if the jury chose to believe it, was that she saw the danger ahead, and warned Mrs.

---

· [1] Empson act, CL 1948, § 691.691 *et seq.* (Stat Ann 1959 Cum Supp § 27.1461 *et seq.*).

[2] CLS 1956, § 257.402 (Stat Ann 1960 Rev § 9.2102).

[3] The case was tried on the theory that plaintiff was a guest passenger. Tennessee does not have a guest passenger statute similar to CLS 1956, § 257.401 (Stat Ann 1960 Rev § 9.2101).

Koppy, in ample time to avoid collision. She could not testify whether Mrs. Koppy attempted to do so by applying her brakes because her attention was riveted to the impending crash ahead and she was not watching Mrs. Koppy's actions. She did know that Mrs. Koppy did not swerve to the left or to the right. We believe a fair inference the jury could draw from such testimony is that Mrs. Koppy was negligently inattentive to the visible danger ahead or to the warning given. They could also infer that Mrs. Koppy's reaction time was negligently slow. At least those inferences favorable to plaintiff could legitimately be drawn by a jury with nothing more before it than the testimony offered by her. The issue of defendants' negligence was properly for the jury. The trial judge did not err in failing to grant defendants' motions for directed verdict and for judgment *non obstante veredicto.*

Affirmed. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, BLACK, and KAVANAGH, JJ., concurred.

OTIS M. SMITH and ADAMS, JJ., took no part in the decision of this case.